**Odilon SOLANO ZARCO; et al., Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 06-71397, 06-73489.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed July 1, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Odilon Solano Zarco, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeremiah M. Luongo, Esquire, OIL, Michelle Gorden Latour, Esquire, Assistant Director, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Odilon Solano Zarco and his family, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal, and the BIA's order denying their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004), review for abuse of discretion the denial of a motion to reopen, *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003), and review de novo constitutional challenges, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petitions for review.

Substantial evidence supports the agency's denial of petitioners' applications for cancellation of removal because the record does not compel the conclusion that Solano Zarco or his wife were continuously physically present in the United States for ten years. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted).

The BIA did not abuse its discretion in denying petitioners' motion to reopen where they did not demonstrate prima facie eligibility for adjustment of status. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Contrary to petitioners' allegation, the record does not indicate that there was any stipulation as to Solano Zarco's proof of continuous physical presence. Petitioners' due process claim concerning the alleged stipulation therefore fails.

Petitioners' remaining due process and equal protection contentions are unavailing.

**PETITIONS FOR REVIEW DENIED.**

ORDER

The petition for panel rehearing filed by Solano Zarco and his family is granted and

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the memorandum disposition filed on March 2, 2009, is withdrawn. An amended memorandum disposition is being filed concurrently with this order.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.